UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG CARROLL,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN, USP-ATWATER,<br><br>    Respondent. | No. 1:20-cv-00116-NONE-SKO (HC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. No. 8); SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS; DIRECTING THE CLERK OF COURT TO ASSIGN DISTRICT JUDGE FOR PURPOSE OF CLOSING CASE AND THEN ENTER JUDGMENT AND CLOSE CASE; AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY</u> |

    Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On January 31, 2020, the assigned magistrate judge issued findings and recommendation recommending that the pending petition be summarily dismissed for lack of jurisdiction. (Doc. No. 8.) The findings and recommendations were served upon all parties and contained notice that any objections were to be filed within thirty (30) days from the date of service of that order. To date, no party has filed objections.[1]

---

[1] The court notes that the findings and recommendations were served on plaintiff at his address of record but were returned to the court by the U.S. Postal Service on February 18, 2020, as "Undeliverable, Refused."

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a de novo review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and proper analysis. Petitioner has already filed a motion pursuant to 28 U.S.C. § 2255 in the sentencing court (the U.S. District Court for the Northern District of Georgia), which was denied. He then filed this petition under § 2241 in the Northern District of Georgia, and that petition was transferred to this court.

"The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted). Nevertheless, an exception exists by which a federal prisoner may seek relief under § 2241, referred to as the "savings clause" or "escape hatch" of § 2255. *See Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). "[I]f, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention'" may a prisoner proceed under § 2241. *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012); *see* 28 U.S.C. § 2255(e). The Ninth Circuit has recognized that it is a very narrow exception. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003). The exception will not apply "merely because section 2255's gatekeeping provisions," such as the statute of limitations or the limitation on successive petitions, now prevent the courts from considering a § 2255 motion. *Id.* at 1059 (ban on unauthorized or successive petitions does not per se make § 2255 inadequate or ineffective). The Ninth Circuit has held that a petition meets the escape hatch criteria of § 2255 (and therefore may proceed under § 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an unobstructed procedural shot at presenting the claim. *Harrison*, 519 F.3d at 959. The burden is on the petitioner to show that the remedy is inadequate or ineffective. *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963). If a petitioner fails to meet this burden, then his § 2241 petition must be dismissed for lack of jurisdiction. *See Ivy*, 328 F.3d at 1060.

In this case, Petitioner makes no claim of being factually innocent. He instead takes issue with the sentence imposed against him by, for example, claiming that it was unlawful for the

2

sentencing court to impose a sentence including "fine, imprisonment, restitution, probation, and criminal forfeiture," when, according to his reading of the law, only a sentencing imposing a fine or imprisonment is permissible. (*See* Doc. 1 at 3.)

To determine whether a petitioner never had an unobstructed procedural shot to pursue his claim, a court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." *Harrison*, 519 F.3d at 960 (quoting *Ivy*, 328 F.3d at 1060–61). In this case, the legal basis for the claim petitioner now seeks to present was available to him prior to his sentencing. As the pending findings and recommendations appropriately point out, petitioner has presented this same challenges to his sentence to the sentencing court in various motions seeking relief from that court. (*See* Doc. 11 at 5 (citing sentencing court record).) Thus, petitioner has failed to show that he has never had an unobstructed procedural opportunity to present his claim and his pending petition before this court must be dismissed for lack of jurisdiction.

In addition, the court declines to issue a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). A successive petition under 28 U.S.C. § 2255 that is disguised as a § 2241 petition requires a certificate of appealability. *See Harrison*, 519 F.3d at 958; *Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

/////

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the court DECLINES to issue a certificate of appealability.

Accordingly, the court orders as follows:

1. The findings and recommendations, filed January 31, 2020 (Doc. No. 8), are ADOPTED IN FULL;

2. The petition for writ of habeas corpus is SUMMARILY DISMISSED for lack of jurisdiction;

/////

4

3. The Clerk of Court is directed to assign a district judge to this case for the purpose of closing the case and then to ENTER JUDGMENT AND CLOSE THE CASE; and,

4. The court DECLINES to issue a certificate of appealability.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated: __**March 30, 2020**__  _____
UNITED STATES DISTRICT JUDGE